Walton et al. *v.* Stephenson et al.

FRANCIS WALTON et al., Plaintiffs in Error, *v.* WILLIAM J. STE-·
PHENSON et al. Defendants in Error.

ERROR TO JEFFERSON.

It is erroneous to sustain a general demurrer to a declaration having three
counts, if a part of the counts are good, and one of them defective.

THE facts of this case are stated in the opinion of the court.
The judgment complained of was rendered by MARSHALL,
Judge, at the September term, 1852, of the Jefferson Circuit
Court.

R. F. WINGATE, for plaintiffs.

R. S. NELSON and D. BAUGH, for defendant.

TRUMBULL, J.   This was an action of assumpsit, containing
three counts.   The first attempts to charge the defendants for a
lot of drugs and medicines, sold by the plaintiffs to one Ray-
mond, on the ground of a supposed liability incurred by a
letter of introduction which the defendants gave said Raymond
to the plaintiffs.

The second, is the common count for goods sold, alleging, in
substance, that the plaintiffs on, &c., at the request of the de-
fendants, sold and delivered to said Raymond drugs and medi-
cines to the value of $328.37, in consideration whereof the de-
fendants on, &c., at, &c., promised to pay the plaintiffs said
sum, and concluding with the usual breach.

The third, is also a common count, differing from the second,
by alleging that in consideration that the plaintiffs, at the re-
quest of the defendants, would sell and deliver to one Raymond
such drugs and medicines as he requested in his business, they,
the defendants, undertook and promised to be accountable to
the plaintiffs for such goods, &c., and then alleges a sale, &c.,
as in the second count.

The circuit court sustained a general demurrer to the whole
declaration.

The first count is manifestly defective.   The letter as therein
set forth did not make the defendants liable in an action of
assumpsit for the goods purchased by Raymond.   If they can
be held liable at all, it must be upon an entirely different state
of case from that which is set forth in the first count.   The
second and third counts are, however, substantially good.

So far as appears from those counts, the defendants may

have undertaken by a valid contract to pay for the goods purchased by Raymond, and if the declaration contained one good count, the demurrer was improperly sustained. It is probable that the attention of the circuit court was never called to any other than the first count.

Judgment reversed, and cause remanded.

*Judgment reversed.*